# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JOHN BALEJA, *on behalf of himself and all others similarly situated* <br><br> Plaintiffs, <br><br> v. <br><br> NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORP. SALARIED PENSION PLAN; NORTHROP GRUMMAN BENEFIT PLANS ADMINISTRATIVE COMMITTEE; NORTHROP GRUMMAN CORPORATION; and DOES 1 through 10, inclusive, <br><br> Defendants. | Civil Case No.: <br><br> 5:17-cv-00235-JGB-SP <br><br> **CLASS ACTION** <br><br> **[PROPOSED]** **STIPULATED PROTECTIVE ORDER** <br><br> Hon. Sheri Pym |

1.  Preliminary

    1.1  Purposes and Limitations.  Discovery in this Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

    1.2  Good Cause Statement.  This Action is likely to involve highly sensitive materials pertaining to the Parties hereto, as well as the confidential personal information of putative class members and non-parties.  To the extent that any such materials are subject to discovery in this Action, the Parties agree and acknowledge that they will require special protection from public disclosure and from use for any purpose other than the prosecution or defense of this Action.  Such confidential and proprietary materials and information consist of, among other things, information otherwise generally unavailable to the public (including information implicating the privacy rights of third parties, such as Social Security numbers and information about third parties' pension benefits), sensitive financial and/or commercial information, confidential business practices, or information that may be privileged or otherwise protected from disclosure under state or federal statutes, case decisions, common law, or confidentiality agreements.  Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over the confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address the handling of confidential materials at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

2. <u>Definitions</u>

    2.1    <u>Action</u>: This pending federal lawsuit.

    2.2    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their respective support staffs).

    2.5    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

    2.6    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ('AEO')" Information or Items: CONFIDENTIAL Information or Items that a Party in good faith reasonably believes contains or comprises sensitive, non-public information concerning putative class members' or third parties' personal information, such as Social Security numbers, and pension benefits, including the amount of pension benefits received by putative class members or third parties.

2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

2.16 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. Scope

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order does not govern the use of Protected Material at trial.

4. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed the later of: (1) the dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. Designating Protected Material

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that may have been designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 *Manner and Timing of Designations*. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – AEO" (hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making the appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.

In the event that electronically stored documents designated confidential are produced in native format, a Party or Non-Party shall include the CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend in the metadata or on the image for each document. In the event the Receiving Party reduces such material to hardcopy form, the Receiving Party shall designate the hardcopy documents with the CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend.

(b) for testimony given in depositions or in any other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, whether any or all of the transcript for the deposition, hearing, or other proceeding is being designated confidential. The Designating Party may also designate any deposition or other transcript confidential by writing to counsel for the opposing Party within thirty (30) days of receipt of the final transcript of the deposition,

5

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:17-cv-00235-JGB-SP

hearing, or other proceeding. Unless otherwise agreed to by the Parties or ordered by the Court, all deposition testimony and exhibits shall be treated as confidential until this thirty (30) day period has elapsed. Thereafter, only exhibits and testimony that have been designated confidential in accordance with this paragraph shall be treated as Protected Material.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Redactions</u>. The Producing Party may redact the Social Security numbers, tax identification numbers, and other personal identifying information of any individuals who receive, have received, or are eligible to receive pension benefits pursuant to one or more of Defendants' pension benefits plans. A Party who wishes to challenge any redactions made pursuant to this paragraph may do so in accordance with the procedures set forth in Section 6 below.

6. <u>Challenging Confidentiality Designations</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

6.3 Joint Stipulation. Any challenge submitted to the Court shall be by a joint stipulation pursuant to Local Rule 37-2.

6.4 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. Access to and Use of Protected Material

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Court Filings. Unless otherwise ordered by the Court or permitted in writing by a Designating Party, a Receiving Party may not disclose any information or items designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" in a public filing.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – AEO" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information; and

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing Party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A hereto; and (2) the witness and his or her attorneys will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.4. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Parties, including such officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) the author and recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing Party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A hereto; and (2) the witness and his or her attorneys will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j)  reinsurers, retrocessionaries, accountants, regulators, or auditors to whom the Parties have a contractual, statutory, or regulatory obligation to report.

8. <u>Protected Material Subpoenaed of Ordered Produced in Other Litigation</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A Non-Party's Protected Material Sought to be Produced in this Litigation</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>Unauthorized Disclosure of Protected Material</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (1) notify the Designating Party in writing of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the inspection or production of documents (including physical objects) shall not, standing alone, constitute a waiver of the attorney-client privilege, the work product protection, or any other applicable privilege or immunity from discovery, if both: (1) within ten (10) calendar days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such document as within the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity and requests in writing the return or destruction of such documents and provides the factual basis for the assertion of privilege or immunity; and (2) the Producing Party took reasonable steps to prevent disclosure of such document(s).  When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties and the Producing Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Receiving Party that wishes to challenge the Producing Party's claim, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), must provide notice of such challenge to the Producing Party within ten (10) calendar days of receiving notice of the claim from the Producing Party pursuant to this paragraph.  If such a challenge is timely noticed, the Parties shall first meet and confer to attempt to resolve the challenge.  If they are unable to resolve the challenge through the meet and confer process, the information shall promptly be presented to the Court, under seal, for a determination pursuant to Rule 26(b)(5)(B).  If the Receiving Party does not notice a challenge within the ten (10) calendar day timeframe stated herein, the Receiving Party shall return or destroy the document(s) at issue within seven (7) calendar days of the deadline for noticing the challenge.  If a challenge is timely noticed but withdrawn following the meet and confer, or if the challenge is resolved by the Court in favor of the Producing Party, the Receiving Party shall return or destroy the document(s) at issue within seven (7) calendar days of such event.  The provision is not intended to modify whatever procedure may be established by an e-discovery order that provides for production without prior privilege

review, nor is it intended to restrict the Parties from entering into agreements in the future with respect to the production of privileged materials.

12. Miscellaneous

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

    12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. Final Disposition

    Within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

13
[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:17-cv-00235-JGB-SP

entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product; even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14. Violations

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: July 8, 2019        _____

SHERI PYM

United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Baleja v. Northrop Grumman Space & Mission Systems Corp. Salaried Pension Plan*, Case No. 5:17-cv-00235-JGB-SP. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____