COVINGTON & BURLING LLP
Mitchell A. Kamin (Bar No. 202788)
Mark Y. Chen (Bar No. 310450)
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749
Email: mkamin@cov.com
Email: mychen@cov.com

COVINGTON & BURLING LLP
Robert Newman (*Pro Hac Vice*)
Nicholas O. Pastan (Bar No. 305474)
850 Tenth Street, NW
Washington, DC 20001
Telephone: + 202-662-6000
Facsimile: + 202-778-5342
Email: rnewman@cov.com
Email: npastan@cov.com

COVINGTON & BURLING LLP
C. William Phillips (*Pro Hac Vice*)
Mark P. Gimbel (*Pro Hac Vice*)
William E. O'Neil (*Pro Hac Vice*)
620 Eighth Avenue
New York, NY 10018
Telephone: + 1 212-841-1081
Facsimile: + 1 212-841-1010
Email: cphillips@cov.com
Email: mgimbel@cov.com
Email: woneil@cov.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JOHN BALEJA, *on behalf of himself and all others similarly situated*<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORP. SALARIED PENSION PLAN; NORTHROP GRUMMAN BENEFIT PLANS ADMINISTRATIVE COMMITTEE; NORTHROP GRUMMAN CORPORATION; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Civil Case No.: 5:17-cv-00235-JGB-SP<br><br>**DEFENDANTS' REQUEST FOR ENTRY OF JUDGMENT & DISMISSAL** |

Defendants Northrop Grumman Space & Mission Systems Corp. Salaried Pension Plan, Northrop Grumman Benefit Plans Administrative Committee, and Northrop Grumman Corp. (collectively, "Defendants") hereby request that the Court enter judgment for Defendants on all claims pled in Plaintiff John Baleja's ("Plaintiff" or "Baleja") Second Amended Complaint ("SAC"), ECF No. 48, and dismiss the case with prejudice. In support of this request, Defendants state as follows:

1. On February 8, 2017, Plaintiff filed this class action against Defendants. ECF No. 1.

2. On November 17, 2017, Plaintiff filed the SAC, which is the operative complaint. ECF No. 48. The SAC contains three claims for relief: (1) equitable relief (1986 Plan); (2) benefits payment (1986 Plan); and (3) equitable relief and benefits payment (1981 Plan). *See id.*

3. On March 8, 2018, the Court granted in part Defendants' Motion to Dismiss the SAC (ECF No. 54), dismissing Plaintiff's claim for relief under the 1981 Plan—the SAC's "Third Claim for Relief." *See* ECF No. 61 at 12. The Court's order dismissing Plaintiff's Third Claim for Relief denied Plaintiff leave to amend. *Id.*

4. On March 26, 2020 the Court granted Plaintiff's Motion for Class Certification (ECF No. 85), certifying a class of "all persons, excluding Defendants, whose accrued pension benefits at any time from December 31, 1984 up to and including the date of class certification in this action, were reduced by Defendants due to the ESL Offset" (the "Class") for both the Disclosure Claim (the SAC's "First Claim for Relief") and the Benefits Claim (the SAC's "Second Claim for Relief"). *See* ECF No. 109 at 5–9.

5. On March 26, 2021, the Court granted in part Defendants' Motion for Summary Judgment (ECF No. 153), ruling that Plaintiff's disclosure claim—the SAC's "First Claim for Relief"—was time-barred. *See* ECF No. 200 at 14–15. The Court denied Defendant's Motion for Summary

Judgment on Plaintiff's Second Claim for Relief, which sought payment of benefits, and found that the case should proceed to trial on this claim in order to decide Plaintiff's allegations that Defendants' unreasonably interpreted the 1985 TRW Plan to provide for an offset to Class Members' pension benefits, and impermissibly cutback Class Members' benefits.

6. The Court held a bench trial from January 25–28, 2022 on the SAC's remaining claims. On October 13, 2022, the Court issued Findings of Fact and Conclusions of Law ("FOF/COL") in consideration of the evidence and arguments presented by the parties at trial and in post-trial briefing. ECF No. 247.

7. The Court's FOF/COL hold: (1) that Defendants did not deny benefits due under the 1985 TRW Plan, and (2) that Defendants did not violate ERISA's anti-cutback provision. *See id.* at 20–25. The Court's FOF/COL dispose of the SAC's remaining claims—the SAC's "Second Claim for Relief."

ACCORDINGLY, as all of Plaintiff's claims, brought on behalf of himself and the Class, have been adjudicated in favor or Defendants, Defendants respectfully request that the Court (1) enter judgment for Defendants on all claims, and (2) dismiss Plaintiff's case with prejudice.

Dated: October 18, 2022              Respectfully submitted,

COVINGTON & BURLING LLP

By:  /s/ *Nicholas Pastan*
Mitchell A. Kamin (Bar No. 202788)
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: + 424-332-4800
Facsimile: + 424-332-4749
Email: mkamin@cov.com

Robert Newman (*Pro Hac Vice*)
Nicholas O. Pastan (Bar No. 305474)
850 Tenth Street, NW
Washington, DC 20001
Telephone: + 202-662-6000
Facsimile: + 202-778-5342
Email: rnewman@cov.com
Email: npastan@cov.com

C. William Phillips (*Pro Hac Vice*)
Mark P. Gimbel (*Pro Hac Vice*)
William E. O'Neil (*Pro Hac Vice*)
620 8th Avenue
New York, NY 10018
Telephone: + 212-841-1081
Facsimile: + 212-841-1010
Email: cphillips@cov.com
Email: mgimbel@cov.com
Email: woneil@cov.com

*Attorneys for Defendants*

# PROOF OF SERVICE

I hereby certify that on this 18th day of October 2022, I served the Defendants' Request for Entry of Judgment & Dismissal by CM/ECF on all counsel of record.

Dated: October 18, 2022                    COVINGTON & BURLING LLP

                                   By:  */s/ Nicholas Pastan*
                                        Nicholas Pastan
                                        850 Tenth Street, NW
                                        Washington, DC 20001
                                        Telephone:  + 202-662-6000
                                        Email: npastan@cov.com